**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000531
17-MAR-2017
01:17 PM**

NO. CAAP-14-0000531

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID PREBLE, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 11-1-0054 (CR. NO. 99-2362))

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Petitioner-Appellant David Preble (Preble) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing" (Order Denying Petition) filed by the Circuit Court of the First Circuit (Circuit Court).[1]  We affirm.

I.

In his underlying criminal case, a jury found Preble guilty of eleven counts of sexually assaulting twin sisters and their younger sister, when each sister was under the age of fourteen.  The twins were twelve years old, and their younger sister was ten years old, when the sexual assaults were reported to the police.  The jury found Preble guilty of three counts of

_____

[1] The Honorable Steven S. Alm presided.

first-degree sexual assault and eight counts of third-degree sexual assault.[2]

Respondent-Appellee State of Hawai'i (State) moved for extended terms of imprisonment on the ground that Preble was a multiple offender whose commitment for extended terms was necessary for protection of the public. The Circuit Court[3] granted the motion, finding, among other things, that extended terms for the protection of the public were warranted because Preble's assaultive behavior had continued unabated for twenty years from the time he was a juvenile; there was documented evidence of his methamphetamine use; and his assaultive behavior was of an extreme nature and included a 1991 conviction for second-degree robbery, which involved his beating of a 73-year-old man, and his sexual assault of three minor girls under the age of fourteen in the pending case. The Circuit Court sentenced Preble to extended terms of life with the possibility of parole for the first-degree sexual assault convictions and extended terms of ten years of imprisonment for the third-degree sexual assault convictions. The Circuit Court ran these terms concurrently with each other, but consecutively to the ten-year term for second-degree robbery that Preble was still serving.

The Circuit Court entered its amended judgment on November 19, 2001, and Preble filed a direct appeal. In a summary disposition order issued on December 3, 2004, this court affirmed the Circuit Court's amended judgment. State v. Preble, No. 24680, 2004 WL 2757909 (Hawai'i App. Dec. 3, 2004). In our decision, we addressed and rejected Preble's claims that: (1) the Circuit Court erred in denying his motion to dismiss the indictment for pre-indictment delay; (2) Preble's right to a speedy trial under Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2001) had been violated; (3) Preble's trial counsel was

---

[2] In two prior trials, the jury had been unable to reach unanimous verdicts.

[3] The Honorable Marie N. Milks presided.

2

ineffective for failing to move to dismiss the indictment based on the destruction of evidence favorable to the defense, namely, pubic hair, vaginal swabs, and blood samples taken from one of the complaining witnesses; (4) Preble's trial counsel was ineffective in failing to move to dismiss the indictment based on the statute of limitations; (5) Preble's trial counsel was ineffective for failing to object to testimony about a purported bad act of Preble; (6) Preble's trial counsel was ineffective in her handling of a medical expert witness for the State; (7) the Circuit Court erred in denying Preble's motion for bill of particulars; (8) the Circuit Court punished Preble for exercising his right to a trial; and (9) the testimonies of the three complaining witnesses were not credible as a matter of law. Preble, 2004 WL 2757909, at *1-3.

The Hawai'i Supreme Court denied Preble's application for writ of certiorari on January 13, 2005, and there is no indication that Preble petitioned the United States Supreme Court for certiorari. Thus, it appears that Preble's convictions and sentences became final in 2005.

II.

On September 26, 2011, Preble filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Petition) pursuant to HRPP Rule 40 (2006), which is at issue in this appeal. Preble raised the following grounds for relief in his Petition: (1) the State destroyed evidence that could have been exculpatory evidence and thus failed to disclose evidence favorable to the defendant; (2) trial counsel was ineffective for failing to move to dismiss the case based on the destruction of exculpatory evidence; and (3) appellate counsel was ineffective for failing to raise the issue of the destruction of exculpatory evidence on appeal. On November 12, 2013, Preble moved to amend his Petition to add as an additional ground for relief that his extended term sentences were illegal because they were based on facts found by a judge, and not a jury. In support

3

of this additional ground, Preble cited <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and a federal district court case, <u>Loher v. Thomas</u>, Civ. No. 11-00731 LEK-KSC.

On January 30, 2014, the Circuit Court issued its Order Denying Petition. The Circuit Court denied the Petition without a hearing on the grounds that Preble's claims had previously been ruled upon, were patently frivolous, or had been waived. This appeal followed.

### III.

On appeal, Preble contends that: (1) he was not represented by a legally licensed attorney at trial and therefore his convictions should be vacated; (2) the State destroyed evidence of an exculpatory nature; (3) he was illegally held in prison for two years by the Hawai'i Paroling Authority while his case was being investigated; (4) his extended terms of imprisonment were illegal because they were based on judge-found facts; and (5) his attorney on direct appeal was ineffective. As explained below, we conclude that Preble has not demonstrated his entitlement to relief, and we affirm the Order Denying Petition.

We resolve the claims raised by Preble on appeal as follows:

### A.

Preble asserts that his trial counsel, Mary Helen Wong (Wong), who was a Deputy Public Defender when she represented Preble, was not a licensed attorney when she represented him and therefore, his convictions cannot stand. Preble, however, did not raise this claim for relief in his Petition. He also does not provide any support for his allegation that Wong was not a licensed attorney when she represented him. Because Preble did not raise the claim that Wong was not a licensed attorney in his Petition, we will not consider it on appeal. <u>State v. Sunderland</u>, 115 Hawai'i 396, 399-400, 168 P.3d 526, 529-30 (2007); <u>State v. Naeole</u>, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980).

4

B.

Preble contends that the State's destruction of evidence he describes as exculpatory in nature, namely, evidence from one of the complaining witnesses from which a DNA analysis could have been conducted, violated his rights. However, this court addressed Preble's claim in his direct appeal and rejected it, concluding that Preble's claim that the destroyed evidence would have been favorable to him was "pure speculation." Preble, 2004 WL 2757909, at *1. Accordingly, the Circuit Court properly denied Preble's claim as having been previously ruled upon.

C.

Preble is not entitled to relief on his claim that he was illegally held in prison for two years by the Hawaiʻi Paroling Authority while his case was being investigated. Preble did not raise this claim in his Petition, and in Preble's direct appeal, this court rejected the substance of Preble's claim by noting that he was kept in prison for parole violations, and not on the sexual assaults that were being investigated. Id.

D.

We reject Preble's claim that his extended term sentences were illegal based on Apprendi, as well as the State's concession of error on this point. In Mara v. State, No. CAAP-16-0000118, 2017 WL 680415 (Hawaiʻi App. Feb. 21, 2017), we held, based on Hawaiʻi Supreme Court precedent, that in determining whether an extended term sentence imposed by a judge without jury findings is subject to collateral attack, the line of demarcation is the United States Supreme Court's 2007 decision in Cunningham v. California, 549 U.S. 270 (2007). Mara, 2017 WL 680415, at *3. In other words, extended term sentences that became final before Cunningham are not subject to Apprendi-based collateral attacks. Id. at *5. Here, Preble's convictions and sentences became final in 2005, before Cunningham was decided, and therefore, we reject his Apprendi-based challenges to his extended term sentences.

5

E.

We also reject Preble's claim that his appellate counsel provided ineffective assistance. An <u>Apprendi</u> claim would have been denied on direct appeal, so appellate counsel was not ineffective for failing to raise an <u>Apprendi</u> claim to challenge Preble's extended term sentences. <u>See</u> <u>State v. Kaua</u>, 102 Hawai'i 1, 72 P.3d 473 (2003); <u>Mara</u>, 2017 WL 680415. With respect to other issues identified by Preble, his appellate counsel raised these issues on appeal, and they were considered and rejected by this court. While Preble attacks the manner in which appellate counsel raised these issues, he fails to meet his burden of showing ineffective assistance, as he fails to demonstrate that his appellate counsel omitted an "appealable issue" -- an issue which raises "an error or omission . . . resulting in the withdrawal or substantial impairment of a potentially meritorious defense." <u>Briones v. State</u>, 74 Haw. 442, 465-67, 848 P.2d 966, 977-78 (1993).

IV.

Based on the foregoing, we affirm the Order Denying Petition.

DATED:    Honolulu, Hawai'i, March 17, 2017.

On the briefs:

David Preble
Petitioner-Appellant, pro se.

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee.

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

6